UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N.G., individually and on behalf of M.F., a child with a disability.

*Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant*.

COMPLAINT

Case No.

N.G., individually and on behalf of M.F., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiff N.G. and M.F. reside in the County of Kings, State of New York.

3. M.F. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

4. N.G. is the parent of M.F. as defined by IDEA 20 U.S.C. § 1401(23).

5. Defendant New York City Department of Education (Department) is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant.

FACTUAL BACKGROUND

8. On October 30, 2019, plaintiff N.G. initiated an impartial due process hearing on behalf of her child M.F., alleging a denial of a free appropriate public education (FAPE) during the 2017/18 and 2018/19 school years and seeking various relief, including:

i. The Defendant provide N.G. with copies of M.F.'s individual education programs ("IEP") that were active during the 2017/18, 2018/19, and 2019/20 school years.

ii. The Defendant provide N.G. with copies of M.F.'s encounter attendance records from the 2017/18 and 2018/19 school years.

iii. The Defendant fund an independent neuropsychological evaluation with Dr. Joan Hittelman at the rate of $5,000.00.

iv. The Defendant fund an independent functional behavior assessment ("FBA") and, if warranted, behavior intervention plan ("BIP") with Lisa La Fata, board certified behavior analyst, at the rate of $1,650.00.

v. The Defendant provide make-up related services for all sessions not provided to M.F. during the 2017/18 and 2018/19 school years.

vi. The Defendant provide M.F. with compensatory academic services.

vii. The Defendant reconvene the IEP team to develop a new program for M.F. that includes recommendations for appropriate services and an appropriate educational placement.

viii. The Defendant pay the Plaintiff's attorney fees.

9. This case was assigned Impartial Hearing Office Case Number 190536.

10. The Defendant relied on a February 26, 2018 Prior Written Notice as its due process response instead of addressing the issues identified in the October 2019 due process complaint.

11. Impartial Hearing Officer ("IHO") James McKeever, Esq. was assigned to this matter on April 2, 2020.

12. IHO McKeever held hearings on May 8, 2020; July 15, 2020; August 24, 2020; September 21, 2020; and October 6, 2020.

13. The Defendant failed to hold the mandated resolution meeting or propose a resolution agreement during the course of the administrative hearing.

14. On September 21, 2020, the Defendant indicated that it would authorize the independent FBA and BIP, but that it would not authorize the independent evaluations at the rates requested by N.G.'s identified independent providers.

15. On October 6, 2020, the Plaintiff entered six (6) exhibits into evidence (A, E-I); the Defendant entered two (2) exhibits into evidence (1-2).

16. Through affidavits, the Plaintiff called three witnesses at hearing; N.G., the parent of M.F., Lisa La Fata, and Dr. Joan Hittelman. The Defendant did not call any witnesses to defend its objection to the independent providers' rates and it opted not to cross examine any of the Plaintiff's witnesses.

17. On November 18, 2020, the IHO held another date of hearing; the Defendant did not attend this date. The Plaintiff's attorney informed the IHO that the case was concluded during the October hearing date and that the parties were awaiting a decision on the matter.

18. On November 18, 2020, the IHO issued a Findings of Fact and Decision ("FOFD") ordering the following:

    i. The Defendant will fund the independent neuropsychological evaluation at the requested rate of $5,000.00 and

    ii. The Defendant will fund the independent FBA and BIP at the requested rate of $1,650.00.

19. On April 2, 2021, Plaintiff, through her counsel, submitted a demand for attorney's fees to defendant's Special Education Unit Office of General Counsel.

20. The Defendant assigned Michael Pantalony ("Pantalony") to respond to the claim on April 6, 2021.

21. The Defendant failed to make an offer until September 24, 2021, which the Plaintiff subsequently rejected for its unreasonableness on the same day.

22. The Defendant made a second offer for settlement on September 27, 2021.

23. As of the date of this complaint, Defendant has failed to settle the attorney's fees in this matter.

FIRST CAUSE OF ACTION

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as if more fully set forth herein.

25. Plaintiff N.G. initiated an impartial hearing on behalf of M.F.

26. Plaintiff N.G. prevailed at the impartial hearing by obtaining a Finding of Facts and Decision from the impartial hearing officer ordering the relief demanded by plaintiff N.G.

27. Plaintiff N.G. having prevailed in the underlying proceedings is entitled to reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, plaintiffs respectfully request that this Court:

a. Assume jurisdiction over this action;
b. Award to plaintiff N.G. the costs, expenses and attorney's fees for the administrative proceedings in the matter of J.R. pursuant to 20 U.S.C. § 1415;
c. Award to the plaintiffs the costs, expenses and attorney's fees of this action pursuant to 20 U.S.C. § 1415; and
d. Grant such other and further relief as the Court deems just and proper.

*[intentionally blank]*

Dated: Auburn, New York
October 14, 2021

Yours etc.,

s/ Justin M. Coretti

CUDDY LAW FIRM, PLLC
*Attorneys for Plaintiffs*
5693 South Street
Auburn, New York 13021
(315) 370-4020
jcoretti@cuddylawfirm.com