UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| N.G., individually and on behalf of M.F., a child with a disability,<br><br>                        Plaintiffs,<br><br>        - against -<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                        Defendant. | **ORDER**<br><br>21 Civ. 8488 (PGG) (JLC) |

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff N.G., on behalf of her child, M.F., brings this action against the New York City Department of Education ("DOE") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. (Cmplt. (Dkt. No. 1) ¶ 1).

Plaintiffs have moved for an award of attorneys' fees and costs incurred by the Cuddy Law Firm. (Pltfs. Mot. (Dkt. No. 51)) On April 7, 2023, this Court referred Plaintiffs' motion to Magistrate Judge James L. Cott for a Report and Recommendation ("R&R"). (Am. Order of Ref. (Dkt. No. 64)) On January 12, 2024, Judge Cott issued an R&R recommending that Plaintiffs be awarded $25,004.92 in attorneys' fees and costs plus post-judgment interest. (R&R (Dkt. No. 81) at 1) The R&R will be adopted as modified below.

## BACKGROUND

### I. FACTS

On October 30, 2019, Plaintiff N.G., on behalf of her child M.F., filed a due process complaint alleging violations of IDEA. (R&R (Dkt. No. 81) at 2) Plaintiffs allege that the DOE denied M.F. "a Free Appropriate Public Education ('FAPE') during the 2017-2018 and

2018-2019 school years in violation of the IDEA." (Id.) The due process complaint requested that the DOE:

> (1) provide N.G. with copies of M.F.'s individual education programs ("IEP") that were active during the 2017-2018, 2018-2019, and 2019-2020 school years; (2) provide N.G. with copies of M.F.'s encounter attendance records from the 2017-2018 and 2018-2019 school years; (3) fund an independent neuropsychological evaluation; (4) fund an independent functional behavior assessment and, if warranted, behavior intervention plan; (5) provide M.F. make-up related services for all sessions not provided during the 2017-2018 and 2018-2019 school years; (6) provide M.F. compensatory academic services; (7) have the IEP team develop a new program for M.F.; and (8) pay attorney's fees.

(Id.)

On May 8, 2020, during a pre-hearing conference, Plaintiffs "effectively withdrew their requests other than for independent evaluations and fees." (Id. (citing Cuddy Decl. (Dkt. No. 52) ¶ 83))

An impartial hearing officer (the "IHO") conducted a due process hearing on October 6, 2020. (Id. at 3) "The hearing lasted approximately ten minutes and was conducted virtually." (Id.) The Cuddy Law Firm appeared on behalf of Plaintiffs, presented its witnesses by affidavit, and introduced six exhibits into evidence. (Id. at 3, 8 (citing Cuddy Decl., Ex. X (Dkt. No. 52-24)). The DOE submitted two exhibits and did not contest Plaintiffs' arguments. (Id. at 3, 8 (citing Cuddy Decl., Ex. X (Dkt. No. 52-24))

On November 18, 2020, the IHO issued a decision granting Plaintiffs' request for "reimbursement and/or direct payment for the cost of the requested evaluations." (Id.; Cuddy Decl., Ex. Y (Dkt. No. 52-25)) DOE did not appeal the IHO's determination.

## II.    PROCEDURAL HISTORY

The instant action was filed on October 14, 2021, pursuant to 20 U.S.C. § 1415, and seeks an award of attorneys' fees and costs incurred in connection with the administrative proceeding. (Cmplt. (Dkt. No. 1))

In a June 29, 2022 letter, Plaintiffs requested (1) consolidation of all IDEA fee actions in this District involving the Cuddy Law Firm and which, at that time, were "at the pre-briefing stage"; and (2) "a court-appointed expert [] concerning the current prevailing rates for IDEA litigation in the S.D.N.Y." (Pltf. June 29, 2022 Ltr. (Dkt. No. 29) at 1)  This Court denied Plaintiffs' requests in a December 29, 2022 Order.  (Dec. 29, 2022 Order (Dkt. No. 38) at 6-7)

On February 16, 2023, Plaintiffs moved for $53,507.27 in attorneys' fees and costs, inclusive of pre-judgment interest, pursuant to the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3).  Plaintiffs also moved for post-judgment interest.  (R&R (Dkt. No. 81) at 4; Pltf. Br. (Dkt. No. 54) at 26; Cuddy Decl. (Dkt. No. 52) ¶ 125)

DOE filed its opposition papers on March 2, 2023 (R&R (Dkt. No. 81) at 4 (citing Def. Br. (Dkt. No. 59)), and Plaintiffs filed a reply on March 16, 2023.  In their reply, Plaintiffs seek $51,933.70 in attorneys' fees and costs, inclusive of pre-judgment interest pursuant 20 U.S.C. § 1415(i)(3), as well as post-judgment interest.  (R&R (Dkt. No. 81) at 4; Pltf. Reply (Dkt. No. 61) at 1; Cuddy Reply Decl. (Dkt. No. 60) ¶ 31)

On April 4, 2023 – with the Court's consent – DOE filed a sur-reply.  (R&R (Dkt. No. 81) at 4 (citing Nimmer Decl. (Dkt. No. 62))

DOE has offered to settle this action on two occasions.  On September 27, 2021, DOE offered to settle the instant action for $12,000.  (R&R (Dkt. No. 81) at 21)  Plaintiffs rejected this offer.  (See id.)  On February 28, 2022, DOE offered to settle the instant action for $14,907.54.  (See id.)  Plaintiffs rejected this offer as well.  (See id.)

## DISCUSSION

## I.   LEGAL STANDARDS

### A.   Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in original) (quoting Vega v. Artuz, No. No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, [a court] will review the Report strictly for clear error." Gordon Surgical Grp., P.C. v. Empire HealthChoice HMO, Inc., 724 F.Supp.3d 158, 166 (S.D.N.Y 2024) (citing IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865(LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' . . . 'rehashing . . . the same arguments set forth in the original petition.'") (citing Vega, 2002 WL 31174466, at *1; Greene v. WCI Holdings, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)).

"'To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.'" George v. Pro. Disposables Int'l, Inc., 221 F.Supp.3d 428, 432 (S.D.N.Y. 2016) (quoting Hunter v. Lee, 13-CV-5880 (PAE) (RLE), 14-CV-8203 (PAE) (RLE), 2016 WL 5942311, at *1 (S.D.N.Y. Oct. 11, 2016) (internal quotations and citations omitted)); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (same).

A party cannot invoke de novo review by citing new facts or making new arguments that the party could have raised in the briefing before the magistrate judge but did not. See Bolling v. City of New York, 18 Civ. 5406 (PGG) (RWL), 2021 WL 961758, at *6 (S.D.N.Y. Mar. 15, 2021) ("[D]istrict courts 'will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.'") (quoting Brown v. Martuscello, 16-CV-6084 (CS)(PED), 2019 WL 3491461, at *2 (S.D.N.Y. Aug. 1, 2019)); United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (declining to consider a "'new argument[] raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but [was] not.'") (quoting Hubbard v. Kelley, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)).

### B.    Attorneys' Fee Awards under IDEA

The IDEA provides that "[w]henever a complaint has been received . . . , the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing . . . ." 20 U.S.C. § 1415(f)(1)(A). If a parent is the "prevailing party" at the hearing, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs." Id. § 1415(i)(3)(B)(i)(I). An attorneys' fee award under the IDEA must be "based on

rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Id. § 1415(i)(3)(C).

A party seeking an award of attorneys' fees and costs under IDEA must show (1) that it "is in fact a prevailing party," and (2) that the attorneys' fees and costs sought are reasonable "under the appropriate standard[]." Mr. L. v. Sloan, 449 F.3d 405, 407 (2d Cir. 2006); see H.C. v. N.Y.C. Dep't of Educ., 20-CV-844 (JLC), 2021 WL 2471195, at *3 (S.D.N.Y. June 17, 2021) (discussing two-pronged inquiry). The Second Circuit has "extended [the] definition of 'prevailing party' to 'a plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding.'" C.G. v. Ithaca City School Dist., 531 F. App'x 86, 87 (2d Cir. 2013) (quoting A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 75 (2d Cir. 2005)).

To determine a "reasonable" attorneys' fee award, the court makes an "initial estimate" by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). This calculation results in the "lodestar" figure, which the Second Circuit refers to as the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). "[T]he presumption that the lodestar represents a reasonable fee award is especially strong, and departures from that figure will be 'rare.'" R.P. v. N.Y.C. Dep't of Educ., 21-CV-4054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552-54 (2010)).

"The reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. An attorneys' fee award under IDEA must be "based on rates

prevailing in the community in which the action or proceeding arose for the kind and quality of

services furnished." 20 U.S.C. § 1415(i)(3)(C); see also 20 U.S.C. § 1415(i)(3)(F)(ii) (providing

that where "the amount of the attorneys' fees otherwise authorized to be awarded unreasonably

exceeds the hourly rate prevailing in the community for similar services by attorneys of

reasonably comparable skill, reputation, and experience," the award must be reduced).

> In determining the reasonable hourly rate, courts consider the following factors:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3)
> the level of skill required to perform the legal service properly; (4) the preclusion
> of employment by the attorney due to acceptance of the case; (5) the attorney's
> customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time
> limitations imposed by the client or the circumstances; (8) the amount involved in
> the case and the results obtained; (9) the experience, reputation, and ability of the
> attorneys; (10) the "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar cases.

Lilly v. City of New York, 934 F.3d 222, 228 (2d Cir. 2019).[1]

IDEA requires courts to reduce a requested attorneys' fee award in a number of

circumstances, including where "the time spent and legal services furnished were excessive

considering the nature of the action or proceeding." 20 U.S.C. § 1415(i)(3)(F)(ii)-(iii). In

particular, a "district court should exclude excessive, redundant[,] or otherwise unnecessary

hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citing Hensley v.

Eckerhart, 461 U.S. 424, 433-35 (1983)).

The Supreme Court has emphasized that "the determination of fees 'should not

result in a second major litigation.'" Fox v. Vice, 563 U.S. 826, 838 (2011) (quoting Hensley,

461 U.S. at 437). While the "fee applicant . . . must, of course, submit appropriate

documentation[,] . . . trial courts need not, and indeed should not, become green-eyeshade

---

[1] These twelve factors have come to be known as the "Johnson factors." See Lilly, 934 F.3d at
228 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

accountants." Id.  The objective in determining an appropriate attorneys' fee award is "to do rough justice, not to achieve auditing perfection," id., and the Johnson factors are intended to be applied in a holistic fashion.  See Green v. City of New York, No. 05–CV–429 (SLT)(ETB), 2010 WL 148128, at *10 (E.D.N.Y. Jan. 14, 2010); H.A. v. N.Y.C. Dep't of Educ., 20 Civ. 10785 (PAE), 2022 WL 580772, at *3 (S.D.N.Y. Feb. 25, 2022) ("'A district court need not recite and make separate findings as to all twelve Johnson factors, provided that it takes each into account in setting the attorneys' fee award.'" (quoting E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ., No. 11 Civ. 5243(GBD)(FM), 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014))).

In sum, "[d]istrict courts have 'considerable discretion' in determining the 'reasonable hourly rate," M.Z. v. N.Y.C. Dep't of Educ., No. 21 Civ. 9451 (AT), 2023 WL 2499964, at *2 (S.D.N.Y. Mar. 14, 2023) (quoting Arbor Hill, 522 F.3d at 183, 190), and "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Fox, 563 U.S. at 838.

The party seeking an award of attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437.

## II.    THE R&R'S FINDINGS AND PLAINTIFFS' OBJECTIONS

Having prevailed in the administrative proceedings, Plaintiffs are entitled to an award of "reasonable" fees and costs.  As discussed above, in calculating a "reasonable" attorneys' fee award, a court must determine (1) a reasonable hourly rate, and (2) the number of hours reasonably expended on the litigation.  See Blum, 465 U.S. at 888.

Here, Plaintiffs contend that Judge Cott erred in determining both the reasonable hourly rates and the number of hours reasonably expended on this litigation. (See Pltf. Obj. (Dkt. No. 82))

A.    <u>**Reasonable Hourly Rate Determination**</u>

Plaintiffs contend that the following hourly rates are appropriate for Cuddy Law Firm attorneys and staff: $600 for Andrew Cuddy's work in 2023, and $550 for his work prior to 2023; $550 for Michael Cuddy and Jason Sterne; $450 for Kevin Mendillo; $425 for Justin Coretti; $425 for Benjamin Kopp in 2023, and $400 for his work prior to 2023; $375 for Erin Murray; and $225 for paralegals and the newly-barred Raul Velez. (Cuddy Decl. (Dkt. No. 60) ¶ 31)

In support of their proposed rates, Plaintiffs submitted two declarations from the Cuddy Law Firm's managing attorney, Andrew K. Cuddy (Cuddy Decl. (Dkt. No. 52); Cuddy Reply Decl. (Dkt. No. 60)), as well as a declaration from Benjamin M. Kopp, another Cuddy Law Firm attorney who worked on the instant case. (Kopp Decl. (Dkt. No. 53). In these declarations, the Cuddy Law Firm attorneys attest to hourly rates agreed to and paid by other Cuddy Law Firm clients, as well as hourly rates courts have awarded to the Cuddy Law Firm in other IDEA cases. (See Cuddy Decl. (Dkt. No. 52) ¶¶ 20-22, 36, 56-71; Cuddy Decl., Ex. F (Dkt. No. 52-6) ¶¶ 24-38; Cuddy Decl., Ex. G (Dkt. No. 52-7); Cuddy Decl., Ex. H (Dkt. No. 52-8)) Plaintiffs also reference attorney affidavits and declarations filed in other IDEA cases in connection with fee awards (see Kopp Decl. (Dkt. No. 53) ¶ 15), as well as records obtained from DOE through the New York Freedom of Information Law ("FOIL") showing the attorneys' fees requested and actual settlement amounts paid in other IDEA cases. (Cuddy Decl. (Dkt. No. 52) ¶ 24; Cuddy Decl., Ex. I (Dkt. No. 52-9); Kopp Decl. (Dkt. No. 53) ¶¶ 12-13) Finally,

Plaintiffs cite to national and regional data set forth in the 50th Annual Survey of Law Firm

Economics (2022), a study conducted and published by The National Law Journal and ALM

Intelligence.  (See Cuddy Decl. (Dkt. No. 52) ¶¶ 35, 38-44)

### 1.    Judge Cott's Findings as to Reasonable Hourly Rate

After considering the Johnson factors, Judge Cott concludes that Plaintiffs'

requested hourly rates should be reduced.  (R&R (Dkt. No. 81) at 8)  He recommends that the

following hourly rates be applied:  $425 for A. Cuddy; $400 for Sterne and M. Cuddy; $300 for

Coretti and Mendillo; $200 for Kopp and Murray; $125 for Velez; $125 for S. Cuddy; and $100

for the remaining paralegals.[2]  (R&R (Dkt. No. 81) at 10)

In making these recommendations, Judge Cott first notes that the "underlying

case here was not 'novel or difficult.'"  (Id. at 8 (citing Y.S. v. N.Y.C. Dep't of Educ., No. 21-

CV-02159 (RA), 2022 WL 4096071, at *3 (S.D.N.Y. Sept. 6, 2022))  The hearing lasted a mere

ten minutes.  (Id. (citing Cuddy Decl., Ex. X (Dkt. No. 52-24))  Plaintiffs entered six documents

into evidence and presented its witnesses by affidavit, and not through live testimony.  (Id.)

DOE, for its part, offered two exhibits, did not contest Plaintiffs' arguments, and did not examine

or cross-examine any witnesses.  (Id.)  Given the brevity and uncontested nature of the hearing,

Judge Cott finds that that the IHO proceeding was "a fairly straightforward administrative

matter."  (Id. (citing Y.S., 2022 WL 4096071, at *3))

---

[2]  With respect to Coretti, Mendillo, and Kopp, Judge Cott recommends rates that are lower than the rates this Court awarded the same attorneys in V.W. v. N.Y.C. Dep't of Educ., 21 Civ. 6495 (PGG) (KHP), 2023 WL 2609358 (S.D.N.Y. Mar. 23, 2023).  Judge Cott explains that "[t]he proposed rates for Coretti, Mendillo, and Kopp are marginally lower than in V.W., in which the [Cuddy Law Firm] attorney cross-examined a DOE witness at the administrative hearing."  (See R&R (Dkt. No. 81) at 10 n.5)  Here, by contrast, no Cuddy Law Firm lawyer examined or cross-examined a witness at the administrative hearing and the DOE did not contest Plaintiffs' arguments.  (See id. at 8)

Judge Cott then conducts an extensive review of the "substantial body of case law concerning the appropriate hourly rates for all of [the Cuddy Law Firm's] individual attorneys," including two decisions issued by this Court. (Id. at 8-9 (collecting cases); see V.W. v. N.Y.C. Dep't of Educ., 21 Civ. 6495 (PGG) (KHP), 2023 WL 2609358, at *12 (S.D.N.Y. Mar. 23, 2023) (awarding hourly rates of $425 to A. Cuddy; $325 to Coretti and Mendillo; $225 to Kopp; and $125 to paralegals); N.A. v. N.Y.C. Dep't of Educ., 21 Civ. 2643 (PGG) (SLC), 2022 WL 17581774, at *4 (S.D.N.Y. Dec. 12, 2022) (awarding hourly rates of $375 to A. Cuddy and Sterne; $300 to Coretti and Mendillo; $225 to Kopp; $200 to Murray; $125 to S. Cuddy; and $100 to other paralegals)) After conducting his review, Judge Cott finds that "[t]here have been no significant developments that would justify a departure from the robust body of law" setting forth the reasonable hourly rates for Cuddy Law Firm lawyers and staff. (Id. at 10).

Judge Cott thus recommends that the following billing rates be utilized: $425 for A. Cuddy; $400 for Sterne and M. Cuddy; $300 for Coretti and Mendillo; $200 for Kopp and Murray; $125 for S. Cuddy; $125 for Velez; and $100 for the remaining paralegals. (R&R (Dkt. No. 81) at 10)

### 2. Plaintiffs' Objections

Plaintiffs' objections to Judge Cott's reasonable hourly rate determinations (see Pltf. Obj. (Dkt. No. 82) at 5-8, 9-10) are addressed below.

### a. Novelty and Difficulty of the Case

Plaintiffs challenge Judge Cott's finding that the underlying action was "not 'novel or difficult.'" (See Pltf. Obj. (Dkt. No. 82) at 5-6; R&R (Dkt. No. 81) at 8) As discussed above, Judge Cott reached this conclusion based on the brevity of the administrative hearing (ten minutes), the handful of exhibits entered into evidence (six by Plaintiffs, two by DOE), the lack

11

of material dispute between the parties ("[DOE] did not contest plaintiffs' arguments"), and the fact that "Plaintiffs' witnesses were not examined or cross-examined but presented by affidavit." (R&R (Dkt. No. 81) at 8 (citing Cuddy Decl., Ex. X (Dkt. No. 52-24))

In response, Plaintiffs argue that the novelty and difficulty of a case should be measured not by the "final product of counsels' efforts," but instead by the "longevity of the case," "the moving targets of M.F.'s education and needs," and DOE's alleged "long-term difficulty grappling with the case and how to mount a defense." (Pltf. Obj. (Dkt. No. 82) at 5-6) Plaintiffs also complain that Judge Cott does not address DOE's alleged "dilatory tactics that extended the litigation, driving up the number of hours billed to N.G." (Id. at 6 (citing S.J. v. N.Y.C. Dep't of Educ., 1:20-cv-01922 (LGS) (SDA), 2020 WL 6151112, at *6 (S.D.N.Y. Oct. 20, 2020) (R&R))

As an initial matter, S.J. provides no support for Plaintiffs' argument that this case was novel and difficult. The relevant issue in S.J. was whether, and to what degree, the defendant's alleged delay tactics should be reflected in the number of hours reasonably expended by the Cuddy Law Firm, and not whether the defendant's alleged delay was indicative of novelty or difficult issues. See S.J., 2020 WL 6151112, at *6. Indeed, the S.J. court described the nature of the parties' fee dispute as "simple and straightforward," while acknowledging that "some of [the defendant's] tactics . . . drove up the number of hours billed by [the Cuddy Law Firm]." Id. The S.J. court nevertheless applied a 50% reduction to the hours billed by the Cuddy Law Firm in the federal action. Id. at *7. Because S.J.'s discussion of the defendant's delay does not bear on the novelty or difficulty of the matter, Plaintiffs' reliance on S.J. is misplaced.

In any event, Plaintiffs have offered nothing but conclusory statements in arguing that the DOE's purported delays in this case reflect the novelty and difficulty of the matter. (See

Pltf. Obj. (Dkt. No. 82) at 5-6)  Plaintiffs also do not define "the moving targets of M.F.'s

education and needs" or explain how the alleged "moving targets" complicated the litigation.

(See id.)  Plaintiffs also make no effort to explain how the issues addressed in the underlying

administrative proceeding were novel.  (See id.)

Accordingly, and for the reasons stated in the R&R, this Court concludes that the

issues presented in this case were neither novel nor difficult, and Plaintiffs' objection on this

point will be overruled.  See N.A., 2022 WL 17581774, at *9-10 (finding that magistrate judge

"correctly concluded that the largely uncontested nature of the administrative proceeding does

not support enhanced billing rates").

### b.    <u>Support for Rate Determinations</u>

In their objections, Plaintiffs contend that Judge Cott's reasonable rate

determinations are not properly supported, and suggest that he may be biased against the Cuddy

Law Firm.  (Pltf. Obj. (Dkt. No. 82) at 9)

As to the suggestion of bias, Plaintiffs cite Judge Cott's remark – in a footnote in

the R&R (see R&R (Dkt. No. 81) at 10 n.4) – that he "had hoped that the Second Circuit's

decision in [H.C. v. N.Y.C. Dep't of Educ., 71 F.4th 120, 128 (2d Cir. 2023)] would have

discouraged [the Cuddy Law Firm] from continuing to litigate these fee disputes, but that

appears to have been a pipe dream."  (R&R (Dkt. No. 81) at 10 n.4)  Plaintiffs complain that this

footnote is an "assail" against the Cuddy Law Firm, and is indicative of Judge Cott's refusal to

hold the DOE accountable for making unreasonable settlement offers.[3]  (Pltf. Obj. (Dkt. No. 82)

at 9)

---

[3]  Plaintiffs imply that DOE's settlement offers here were not reasonable, because Judge Cott
ultimately recommended a higher fee award.  (Pltf. Obj. (Dkt. No. 82) at 9)  But Judge Cott's
recommended fee award differs only marginally from the settlement offered by DOE.  For the

But Judge Cott's comment regarding the Cuddy Law Firm's practice of litigating attorneys' fee awards merely reflects the fact that the firm has engaged in an extraordinary amount of such litigation, with little success.  Indeed, in Y.G. v. N.Y.C. Dep't of Educ., No. 22-1184, 2025 WL 2080218 (2d Cir. July 24, 2025) (summary order), the Second Circuit affirmed by summary order nineteen separate judgments issued by a variety of district court judges addressing awards of attorneys' fees in cases brought by the Cuddy Law Firm.

On the merits, Plaintiffs complain that "the R&R essentially splits the difference of the two most recent R&Rs that [this Court] adopted, going with the lower of the two more often than not, without elaboration. . . ."  (Pltf. Obj. (Dkt. No. 82) at 9)  Plaintiffs also complain that the R&R affords too much weight to fee awards in other IDEA cases, and does not fully consider all of the Johnson factors.  (Id. at 9-10)

In the R&R, however, Judge Cott cites ample, recent case law demonstrating the prevailing rates in this District (R&R (Dkt. No. 81) at 9-10 (collecting cases)), and considers the relevant Johnson factors, including the straightforward and largely uncontested nature of the administrative proceeding here.  (Id. at 8).  See M.D. v. N.Y.C. Dep't of Educ., 21 Civ. 9180 (LGS), 2023 WL 2557408, at *3 (S.D.N.Y. Mar. 17, 2023) ("'A district court need not recite and make separate findings as to all twelve Johnson factors, provided that it takes each into account in setting the attorneys' fee award.'") (quoting A.G. v. N.Y.C. Dep't of Educ., 20-cv-7577 (LJL), 2021 WL 4896227, at *4 (S.D.N.Y. Oct. 19, 2021)).  Within that framework, Judge Cott recommends rates that have been adopted by this Court in V.W., in N.A., or in both cases, for services rendered in similar years.  See Cuddy Decl., Exs. 1-2, V.W., 2023 WL 2609358

---

period through February 28, 2022, DOE offered in settlement $14,907.54 in fees and costs. (R&R (Dkt. No. 81) at 22)  Judge Cott recommends an award of $15,382.50 for the same period. (Id.)

(seeking attorneys' fee award for services rendered between 2018 and 2022); Cuddy Decl., Exs.

1-2, N.A., 2022 WL 17581774 (seeking attorneys' fee award for services rendered between 2018

and 2021). Judge Cott's recommended rates also fall well within – and in some instances are

above – the rates adopted by other courts in this District for services performed by Cuddy Law

Firm lawyers and staff.[4] (See R&R (Dkt. No. 81) at 8-9 (collecting cases)) In sum, Judge Cott's

consideration of the Johnson factors, including the abundance of case law setting reasonable

rates for the Cuddy Law Firm, provides compelling support for his finding that the rates

requested for Cuddy Law Firm attorneys are excessive.

---

[4] Judge Cott relies on the following cases in determining the prevailing rates for Cuddy Law
Firm attorneys and staff in IDEA cases in the Southern District of New York: V.W., 2023 WL
2609358, at *12 ($425 for A. Cuddy; $325 for Coretti and Mendillo; $225 for Kopp; and $125
for paralegals); N.A., 2022 WL 17581774, at *4 ($375 for A. Cuddy and Sterne; $300 for Coretti
and Mendillo; $225 for Kopp; $200 for Murray; $125 for S. Cuddy; and $100 for other
paralegals)); T.H. v. N.Y.C. Dep't of Educ., 21-CV-10962 (JMF) (JLC), 2022 WL 16945703, at
*4 (S.D.N.Y. Nov. 15, 2022), report and recommendation adopted 2022 WL 17991623 (Dec. 29,
2022) ($400 for Andrew Cuddy and Sterne; $300 for Mendillo and Coretti; $125 for S. Cuddy;
and $100 for other paralegals); M.R. v. N.Y.C. Dep't of Educ., 21-CV-5503 (VEC), 2022 WL
4396835, at *2 (S.D.N.Y. Sept. 23, 2022) ($367.50 for Cuddy; $210 for Mendillo; $183.75 for
Coretti; $168 for Kopp; and $100 for junior paralegals), on reconsideration 2022 WL 16575767
(Oct. 31, 2022); Y.S., 2022 WL 4096071, at *3 ($400 for A. Cuddy; $300 for Mendillo; $200 for
Kopp, a junior associate at the time; $125 for S. Cuddy; and $100 for junior paralegals); F.N. v.
N.Y.C. Dep't of Educ., 21-CV-3379 (JPO), 2022 WL 3544128, at *4 (S.D.N.Y. Aug. 18, 2022)
($375 for Cuddy; $300 for Mendillo; $120 for senior paralegals; and $100 for junior paralegals);
R.P., 2022 WL 1239860, at *3 ($375 for Cuddy and Sterne; $300 for Mendillo; $200 for Coretti;
$125 for senior paralegals; and $100 for junior paralegals); H.A., 2022 WL 580772, at *6 ($375
for A. Cuddy and M. Cuddy; $275 for Coretti; $250 for Kopp; $125 for senior paralegals; and
$100 for junior paralegals); H.W. v. N.Y.C. Dep't of Educ., No. 20-CV-10591 (RA), 2022 WL
541347, at *3 (S.D.N.Y. Feb. 23, 2022) ($400 for A. Cuddy, M. Cuddy, and Sterne; $300 for
Mendillo; $125 for S. Cuddy; and $100 for junior paralegals); V.W. v. N.Y.C. Dep't of Educ.,
No. 20-cv-2376 (RA), 2022 WL 37052, at *5-6 (S.D.N.Y. Jan. 4, 2022) ($400 for A. Cuddy, M.
Cuddy, and Sterne; $300 for Mendillo and Coretti; $125 for S. Cuddy; and $100 for junior
paralegals); M.D. v. N.Y. Dep't of Educ., No. 20 Civ. 6060 (LGS), 2021 WL 3030053, at *6
(S.D.N.Y. July 16, 2021), aff'd in part, rev'd in part and remanded sub nom. H.C. v. N.Y.C.
Dep't of Educ., 71 F.4th 120 (2d Cir. 2023) ($375 for A. Cuddy and M. Cuddy; $100 for
paralegals). Cf. Y.G. v. N.Y.C. Dep't of Educ., 21 Civ. 641 (AKH), 2022 WL 1046465, at *2
(S.D.N.Y. Apr. 7, 2022) (administrative hearing was "heavily contested" and therefore Cuddy
Law Firm was awarded its requested rates). (R&R (Dkt. No. 81) at 8-9)

As to paralegals, Judge Cott differentiates between senior and junior staff: the R&R recommends an hourly rate of $125 for Shobna Cuddy, a senior paralegal, and $100 for the remaining seven paralegals. (See R&R (Dkt. No. 81) at 10-11) In making this recommendation, Judge Cott cites numerous decisions in this District drawing a distinction between appropriate billing rates for senior and junior paralegals employed by the Cuddy Law Firm. (See R&R (Dkt. No. 81) at 8-9)

In their objections, Plaintiffs contend that Judge Cott should have recommended one rate for all of the Cuddy Law Firm paralegals. (See Pltf. Obj. (Dkt. No. 82) at 7) Plaintiffs also complain that Judge Cott did not consider cases that awarded a higher rate for Paralegals Pinchak, Bunnell, Woodard, O'Donnell, Bianco, and Green, including this Court's decision in N.A. to award rates of $125 per hour for Woodard, Pinchak, and Bunnell. (Id.; see N.A., 2022 WL 17581774, at *9-10)

Substantial case law support exists, however, for awarding different rates to paralegals based on their experience and credentials. "For paralegals with 'formal paralegal training, licenses, degrees, or certifications or longer paralegal experience,' an hourly rate of $125 is appropriate. . . . For paralegals without such qualifications or experience, a $100 hourly rate is appropriate." M.B. v. N.Y.C. Dep't of Educ., 22-CV-06405 (JPC)(SN), 2024 WL 1435330, at *6 (S.D.N.Y. Jan. 24, 2024) (citing H.W. v. N.Y.C. Dep't of Educ., No. 1:21-cv-08604 (JLR), 2023 WL 5529932, at *23 (S.D.N.Y. Aug. 28, 2023); J.P. v. N.Y.C. Dep't of Educ., 21 Civ. 10961 (PAE), 2023 WL 2447264, at *17 (S.D.N.Y. Mar. 10, 2023)); see also G.R. v. N.Y.C. Dep't of Educ., 23 Civ. 3948 (DEH), 2024 WL 3534406, *6 (S.D.N.Y. July 25, 2024) (finding the prevailing rates for paralegals to be between $100 and $125 per hour).

16

Here, this Court finds no error in Judge Cott's determination that an hourly rate of $125 per hour is appropriate for Shobna Cuddy, a senior paralegal, and that an hourly rate of $100 per hour is appropriate for junior paralegals Reeve, Green and Bianco – each of whom have approximately one year of paralegal experience – and O'Donnell, whose prior work has been as an "intake and implementation coordinator." (See Cuddy Decl. (Dkt. No. 52) ¶¶ 65, 66, 68, 69) As to Woodard, Bunnell, and Pinchak, however, this Court finds that their experience and training merit the higher rate of $125 per hour.[5] See N.A., 2022 WL 17581774, at *9 (finding no error in magistrate judge's recommendation that an hourly rate of $125 apply to Woodard, Bunnell, and Pinchak).

In sum, this Court will adopt Judge Cott's recommendations regarding the appropriate billing rates for S. Cuddy ($125), O'Donnell ($100), Reeve ($100), Green ($100), and Bianco ($100), but will apply a billing rate of $125 per hour for Woodard, Bunnell, and Pinchak.

**B.    <u>Reasonable Hours Expended Determination</u>**

Plaintiffs request an award of attorneys' fees for 69 hours expended in connection with the administrative proceeding,[6] and for 68.6 hours expended in the instant federal action. (See Cuddy Reply Decl. (Dkt. No. 60) ¶ 31) Judge Cott finds that the Cuddy Law Firm billed excessive hours (1) in drafting the due process complaint for the administrative proceeding; and (2) throughout the instant federal action. (See R&R (Dkt. No. 81) at 15, 21)

---

[5] Plaintiffs represent that (1) Woodard has three years of paralegal experience and nine years of experience as a legal assistant (see Cuddy Decl. (Dkt. No. 52) ¶ 64); (2) Bunnell has three years of paralegal experience (see id. ¶ 67); and (3) Pinchak completed a 24-credit-hour paralegal certificate program and has three years of paralegal experience. (See id. ¶ 68)

[6] The R&R is incorrect in stating that Plaintiffs seek an award for 77.3 hours of attorney and paralegal time spent on the administrative proceeding. (See R&R (Dkt. No. 81) at 14 (citing Cuddy Reply Decl. (Dkt. No. 60) ¶ 31))

**1.    Judge Cott's Findings as to Reasonable Hours Expended**

Judge Cott begins by noting that the Cuddy Law Firm has submitted multiple

billing statements in connection with Plaintiffs' motion for an award of attorneys' fees and costs.

(See R&R (Dkt. No. 81) at 13)  Plaintiffs' initial set of billing statements was filed with their

motion for attorneys' fees.  (See id. (citing Cuddy Decl., Ex. DD (Dkt. No. 52-30), Ex. EE (Dkt.

No. 52-31)  After the DOE filed its opposition papers, the Cuddy Law Firm "submitted a new set

of annotated and modified billing statements" that "reduc[ed] hours billed and reclassif[ied]

attorney work to be billed at paralegal rates."  (Id. (citing Pltfs. Reply  (Dkt. No. 61) Apps. 1, 2))

Judge Cott observes that through this device the Cuddy Law Firm had "a second bite at the apple

. . . with the advantage of knowing the DOE's arguments."  (Id.)  Although Judge Cott "treat[s]

the fee requests contained in the reply papers as the accurate representations of [the Cuddy Law

Firm's] requested relief," he also "identif[ies] inappropriate billing practices . . . in the original

billing sheets," and notes that courts in this District have repeatedly admonished the Cuddy Law

Firm for such practices.  (Id. (citing Y.S., 2022 WL 4096071, at *5; N.A., 2022 WL 17581774,

at *10))

With respect to the administrative proceeding, Judge Cott finds that the fourteen

hours the newly-barred Raul Velez billed for drafting the due process complaint is excessive.

(Id. at 15 (citing Pltfs. Reply, App. 1 (Dkt No. 61-1) at 29-40))  The due process complaint

"consists of a brief introduction, an approximately one-page summary of the client's educational

history, a one-page section that summarizes the alleged FAPE violations, and one page of

requested relief."  (Id. (citing Cuddy Decl., Ex. R (Dkt. No. 52-18))

In finding the time spent drafting this simple complaint excessive, Judge Cott

cites Y.S. and T.H, both of which applied a 20% reduction to the hours the Cuddy Law Firm

spent litigating similarly straightforward IDEA administrative proceedings.  (Id. at 15 n.7 (citing Y.S., 2022 WL 4096071, at *5 (finding that the Cuddy Law Firm engaged in excessive billing, including by spending 13.1 hours drafting an eight-page due process complaint and 1.1 hours reviewing it); T.H. v. N.Y.C. Dep't of Educ., No. 21 Civ. 10962 (JMF) (JLC), 2022 WL 16945703, at *4 (S.D.N.Y. Nov. 15, 2022), report and recommendation adopted 2022 WL 17991623 (Dec. 29, 2022) (finding that the Cuddy Law Firm engaged in excessive billing, including by spending 13.3 hours drafting an eight-page due process complaint and one hour reviewing it)))  Whereas in Y.S. and T.H. the courts applied across-the-board reductions applicable to all the time the Cuddy Law Firm billed in connection with the administrative proceedings, here Judge Cott's recommendation to reduce the requested attorneys' fees is limited to the time Velez spent drafting the due process complaint.  (See id.)  He recommends, however, a "slightly higher reduction" of 25%, "as even with [the Cuddy Law Firm's] reductions in its second set of timesheets, the time billed was excessive."  (Id.)  The R&R recommends no other reduction as to the hours the Cuddy Law Firm billed to the administrative proceeding.[7]  (See id. at 15 n.7)

---

[7]  In seeking an award of attorneys' fees for 69 hours expended in connection with the administrative proceeding, Plaintiffs contend that DOE unreasonably protracted the administrative proceedings by, inter alia, failing to appoint an IHO for several months.  (Pltfs. Br. (Dkt. No. 54) at 11-12)  Judge Cott rejects this argument (R&R (Dkt. No. 81) at 14), citing cases holding that a six-month delay in assigning an IHO is not unreasonable.  (Id. (citing F.N. v. N.Y.C. Dep't of Educ., 21-CV-3379 (JPO), 2022 WL 3544128, at *2-3 (S.D.N.Y. Aug. 18, 2022))  Other courts, including this Court, have rejected such claims, including where "the DOE took six months to assign the IHO, did not hold a mandatory resolution session, and delayed informing Plaintiffs that it was not going to defend its position at the IHO hearing."  T.H., 2022 WL 16945703, at *6.  There, as here, plaintiffs "offer[ed] 'no evidence [demonstrating] . . . that [any] delay [attributable to the DOE] was 'unreasonable.'"  V.W., 2023 WL 2609358, at *7 n.3 (quoting T.H., 2022 WL 16945703, at *6).

Judge Cott also rejects the DOE's argument that "the Court should not award fees for hours billed in 2017," finding that "simply because an initial review of the files occurred a significant

Judge Cott also finds that the number of hours the Cuddy Law Firm billed on the instant federal action is excessive, citing ample case law in support of his conclusions.  (See id. at 17-21)  In this regard, Judge Cott notes that the Cuddy Law Firm billed (1) 6.4 hours to draft a memorandum of law containing "legal arguments and . . . verbiage [that] are in large portions exactly identical to [the firm's] memorandum" in another IDEA case; and (2) 7.3 hours to draft the Declaration of Andrew K. Cuddy, "the vast majority of which is reused material from other [Cuddy Law Firm] cases."  (Id. at 18)  Judge Cott also observes that the Cuddy Law Firm "shaved 20.8 hours of billed time" when it submitted its second set of billing statements, but "then billed for 11.7 hours of work creating this new, revised timesheet."  (Id. at 19-20 (citing Cuddy Reply Decl. (Dkt. No. 60) ¶ 31; Cuddy Reply Decl., Ex. GG (Dkt. No. 60-2) at 2-3)  For all these reasons, Judge Cott recommends a 25% across-the-board reduction to the hours billed in the instant federal court action.  (Id. at 21)

Finally, Judge Cott finds that the IDEA's fee-shifting provisions do not prohibit Plaintiffs from recovering attorneys' fees and costs for work performed after the DOE's settlement offers.  (Id. at 21-22)  IDEA prohibits such awards where (1) the settlement offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure (i.e., "[a]t least 14 days before the date set for trial"); (2) the offer is not accepted within ten days; and (3) "the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i); see also J.M. v. N.Y.C. Dep't of Ed., 23-CV-10002

---

time prior to the administrative hearing does not mean it was not necessary work completed for the client's benefit."  (R&R (Dkt. No. 81) at 16)  Judge Cott also rejects DOE's argument that the requested hours should be reduced based on the Cuddy Law Firm's practice of billing 0.1-hour increments for tasks that "take no more than a few moments," noting that the Cuddy Law Firm "zeroed out billing for the majority of 0.1-hour increments in its request for fees."  (Id.) This Court finds no error in Judge Cott's determinations on these points.

(MMG), 2025 WL 2233990, *5 (S.D.N.Y. Aug. 6, 2025) (holding that IDEA's "fee cap was not applicable because the relief Plaintiffs obtained was more favorable than Defendant's settlement offer").

Here, DOE made a settlement offer of $12,000 on September 27, 2021.  (R&R (Dkt. No. 81) at 22)  After applying the billing rate and hour reductions discussed above, Judge Cott concludes that Plaintiffs are entitled to $14,266.88 in attorneys' fees and costs for hours billed through September 27, 2021.  (Id.)

On February 28, 2022, DOE made a settlement offer of $14,907.54.  (Id.)  After applying the billing rate and hour reductions discussed above, Judge Cott concludes that Plaintiffs are entitled to $15,382.50 in attorneys' fees and costs for hours billed through February 28, 2022.  (Id.)

Thus, in both instances, Judge Cott finds that the attorneys' fees and costs to which Plaintiffs are entitled exceed, "albeit marginally so," the offers of settlement.  (Id.)  Judge Cott accordingly recommends that attorneys' fees and costs be awarded for work performed after the DOE's offers of settlement.  (Id.)

After applying the above-described billing rate reductions, the 25% reduction to Velez's hours spent drafting the due process complaint, and the 25% across-the-board reduction to the hours billed in the federal action, Judge Cott concludes that Plaintiffs are entitled to $24,586.88 in attorneys' fees ($14,235.00 for the administrative proceeding plus $10,351.88 for the federal action).  (See id. at 17, 23)

## 2.    Plaintiffs' Objections

### a.    Excessive Billing for Recycled Material

Plaintiffs object to Judge Cott's observation that the Cuddy Law Firm "reused

material from other [Cuddy Law Firm IDEA] cases," and "excessively billed for boilerplate

and/or recycled pleadings." (See Pltf. Obj. (Dkt. No. 82) at 5 (citing R&R (Dkt. No. 81) at 18,

21))

In the brief and declarations they filed in support of their motion for an award of

attorneys' fees and costs, Plaintiffs anticipate that the Court might be concerned that the Cuddy

Law Firm had merely recycled papers filed in other IDEA cases. Accordingly, in these papers,

Plaintiffs use underlining to indicate material that is new, and that was not recycled from filings

in other IDEA cases. (See Pltf. Br. (Dkt. No. 54) at 7 n.1; Cuddy Decl. (Dkt. No. 52) ¶¶ 3, 3 n.1;

Kopp Decl. (Dkt. No. 53) ¶ 1) In their objections, Plaintiffs complain that Judge Cott ignored

the fact that the Cuddy Law Firm billed solely for the time spent drafting the new, underlined

material. (Pltf. Obj. (Dkt. No. 82) at 5 (citing Cuddy Decl. (Dkt. No. 52); Kopp Decl. (Dkt. No.

53); Pltf. Br. (Dkt. No. 54))

An analysis of the underlined text in Plaintiffs' moving brief and declarations

indicates, however, that most of the material in these submissions was in fact recycled from

filings the Cuddy Law Firm made in other IDEA cases. For example, in the Declaration of

Benjamin Kopp, only three of eighteen paragraphs are underlined. (See Kopp Decl. (Dkt. No.

53)) And in the Declaration of Andrew Cuddy, only 36 out of 126 paragraphs are underlined.

(See Cuddy Decl. (Dkt. No. 52)) As to Plaintiffs' moving brief, only about eight of twenty pages

contain substantive, underlined text. (See Pltf. Br. (Dkt. No. 54)) In sum, an analysis of the

underlined text indicates that Judge Cott was correct in concluding that the Cuddy Law Firm had

billed excessively for papers that were largely recycled from filings in other IDEA cases.

Plaintiffs also complain that Judge Cott ignored Magistrate Judge Parker's

observation in V.W. that there is a "need for 'economy of scale' on 'volume work,'" such as the

type of work at issue here.  (Pltf. Obj. (Dkt. No. 82) at 5 (citing V.W. v. N.Y.C. Dep't of Ed., 21-

CV-6495 (PGG) (KHP), 2022 WL 19410318, at *8 (S.D.N.Y. Sept. 29, 2022), report and

recommendation adopted, V.W., 2023 WL 2609358, *16))  But Judge Cott's finding that the

Cuddy Law Firm billed excessively for recycled material is entirely consistent with Judge

Parker's observations concerning the Cuddy Law Firm's conduct in V.W.:

> This Court takes note that [the Cuddy Law Firm] has litigated almost a dozen
> IDEA fee dispute cases in this district in 2022 alone.  This case is no different in
> the general facts asserted by Plaintiffs and the relief they seek. Here, [the Cuddy
> Law Firm] has recycled arguments and exhibits to support its claim, and for
> such "volume work," there should be an economy of scale that leads to less hours
> being expended in light of [the Cuddy Law Firm's] experience.

V.W., 2022 WL 19410318, at *8.

As this Court noted in adopting Judge Parker's R&R,

> Judge Parker's point is that where the Cuddy Law Firm is filing briefs and
> declarations that are nearly identical to filings it has made in other cases, the
> hours billed to that activity must reflect that the firm is not doing any original
> work.  And the Cuddy Law Firm has a history of recycling in IDEA fee disputes
> papers filed in other IDEA fee dispute cases.  See [K.O. v. N.Y.C. Dep't of Educ.,
> 20 Civ. 10277 (LJL), 2022 WL 1689760 at *12 (S.D.N.Y. May 26, 2022)]
> ("Much of the work done on the instant briefing reiterates arguments made by
> [the Cuddy Law Firm] in other cases.").

V.W., 2023 WL 2609358, at *14.

Here, as in V.W., this Court finds no error in the magistrate judge's

recommendation that the Cuddy Law Firm's requested hours be reduced to reflect the firm's

excessive billing for a brief and declarations that recycle earlier filings in other IDEA cases.

23

### b.     Billing for the Submission of Corrected Billing Statements

Plaintiffs object to Judge Cott's recommendation that the Cuddy Law Firm's requested hours be reduced to account for hours the firm billed for the preparation of revised billing statements.  (See Pltf. Obj. (Dkt. No. 82) at 1-4)  As an initial matter, Plaintiffs assert that its modified billing statements are "not 'revised billing statements,'" but are instead "organizational appendices" that respond to Defendant's opposition papers.  (See id. at 1).  And while Judge Cott recommends that the Cuddy Law Firm not be permitted to bill for time spent "tidying up and defending their own sloppy bookkeeping" (see R&R (Dkt. No. 81) at 20), Plaintiffs contend that their revised billing statements were submitted in the interest of "judicial economy."  (See Pltfs. Obj. (Dkt. No. 82) at 2).

This argument is nonsense.  What happened here is that the Cuddy Law Firm's initial round of billing statements was facially improper, as Defendants point out in their opposition papers.  (Def. Br. (Dkt. No. 59) at 27)  The Firm revised its billing statements to address Defendants' objections.  Having submitted improper billing statements in the first place, Plaintiffs cannot seek to recover for time spent correcting – as Judge Cott says – the firm's "own sloppy bookkeeping."  (R&R (Dkt. No. 81) at 20)

Plaintiffs complain, however, that Judge Cott incorrectly cites to R.G. v. N.Y.C. Dep't of Educ., 18-CV-6851 (VEC), 2019 WL 4735050, at *4 (S.D.N.Y. Sept. 26, 2019) and B.B. v. N.Y.C. Dep't of Educ., 17-CV-4255 (VEC)(SDA), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018) for the proposition that the Cuddy Law Firm "has been repeatedly admonished by courts for this practice."  (Pltf. Obj. (Dkt. No. 82) at 2 (citing R&R (Dkt. No. 81) at 20))  But the court in R.G. in fact admonishes the Cuddy Law Firm for attempting to shift the cost of "administrative clean-up of their own [time] entries" to DOE – namely the cost of "drafting a fee

memo for DOE" and "reviewing their billing statement for accuracy." R.G., 2019 WL 4735050, at *4. And while it is correct that B.B. does not involve the Cuddy Law Firm, this case supports the broader notion that "fees incurred by litigating the fee application" – also referred to as "fees on fees" – are appropriate candidates for reduction. B.B., 2018 WL 1229732, at *3.

In any event, courts have repeatedly admonished the Cuddy Law Firm for billing for administrative clean-up. See V.W., 2023 WL 2609358, at *13 ("DOE should not have to compensate [the Cuddy Law Firm] for administrative clean-up of their own entries") (internal citation omitted); H.W., 2023 WL 5529932, at *10 ("The Court also agrees that [the Cuddy Law Firm] excessively billed for the administrative task of reviewing and editing its own billings statements."); L.C. v. N.Y.C. Dep't of Educ., 21-CV-1250 (VSB), 2025 WL 19850, at *7 (S.D.N.Y. Jan. 2, 2025) ("'[A]ttorney and paralegal time spent reviewing and editing the billing statement for clarity should not be compensated.'") (quoting H.C., 2021 WL 2471195, at *9.[8]

In sum, Judge Cott did not err in concluding that the Cuddy Law Firm cannot recover for time it spent revising improper billing statements previously submitted to the Court.

\*       \*       \*       \*

Plaintiffs' objections to Judge Cott's calculation of reasonable hours expended are overruled. The Court imposes a 25% reduction to the hours Raul Velez billed for the drafting of the due process complaint, and a 25% across-the-board reduction to the hours billed in the federal action. Taking into account the modified billing rates for Paralegals Woodard, Bunnell,

---

[8] M.H. v. N.Y.C. Dep't of Educ., 20-cv-1923 (LJL), 2021 WL 4804031, at *20 (S.D.N.Y. Oct. 13, 2021) – cited by Plaintiffs (Pltf. Obj. (Dkt. No. 82) at 3) – is not on point here, because that case does not involve a law firm billing for time it spent revising improper billing statements previously submitted to a court.

and Pinchak, Plaintiffs are entitled to $24,756.88 in attorneys' fees ($14,405.00 for the administrative proceeding plus $10,351.88 for the federal action).

### C.    Costs

Judge Cott recommends that the Court award the Cuddy Law Firm $418.04 in costs. (R&R (Dkt. No. 81) at 24)  This amount includes the $402 federal filing fee, printing, and postage, but excludes the $86.00 in fax costs which Judge Cott finds "not reasonable."  (Id. at 23-24 (citing J.R. v. N.Y.C. Dep't of Educ., 19-CV-11783 (RA), 2021 WL 3406370, at *6 (S.D.N.Y. Aug. 4, 2021)))

Plaintiffs object to Judge Cott's recommendation as to fax costs and argue, for the first time, that "[i]t has been judicially acknowledged multiple times that DOE 'and certain schools only accept necessary record requests via fax.'"  (Pltf. Obj. (Dkt. No. 82) at 8)

Nothing in the record suggests that the Cuddy Law Firm's fax costs in this matter were necessary, and Plaintiffs made no such showing or argument before Judge Cott.  As stated above, Plaintiff "cannot invoke de novo review by citing new facts or making new arguments that the party could have raised in the briefing before the magistrate judge but did not."  Supra Section I.A; see Bolling v. City of New York, 18 Civ. 5406 (PGG) (RWL), 2021 WL 961758, at *6 (S.D.N.Y. Mar. 15, 2021).  Judge Cott's determination as to fax costs is therefore subject to clear error review.  Because Plaintiffs made no showing that the specific fax costs in this case were necessary, this Court finds no clear error in Judge Cott's recommendation to deny fax costs.

### D.    Pre-Judgment Interest

Judge Cott recommends that Plaintiffs' request for pre-judgment interest be denied, and that Plaintiffs' request for post-judgment interest be granted.[9]  (See R&R (Dkt. No. 81) at 24)  Plaintiffs object to Judge Cott's recommendation that pre-judgment interest be denied, arguing that he applied an incorrect standard.  (Pltf. Obj. (Dkt. No. 82) at 8-9)

Plaintiffs complain that – as a result of DOE's alleged delay – the Cuddy Law Firm billing rates in effect at the time services were rendered are now outdated.  (See R&R (Dkt. No. 81) at 24; Pltf. Br. (Dkt. No. 54) at 25)  Plaintiffs further contend that an award of pre-judgment interest would address DOE's unreasonable "delay" and acknowledge the "time value of money."  (Pltf. Br. (Dkt. No. 54) at 25)

As an initial matter, Judge Cott finds that any delay on the DOE's part was not unreasonable and does not warrant a grant of pre-judgment interest.  (R&R (Dkt. No. 81) at 24 (citing R.P., 2022 WL 1239860, at *7 (collecting cases))).  Moreover, in recommending billing rates for each attorney, Judge Cott applied the Cuddy Law Firm's current rates for all work performed.  (See R&R (Dkt. No. 81) at 10)  Accordingly, Plaintiffs' argument concerning historical billing rates provides no basis for granting pre-judgment interest.  See H.C., 71 F.4th at 128 (finding no abuse of discretion where district court "declined to award prejudgment interest . . . because 'delay[s] in payment' may be remedied by 'application of current rather than historic hourly rates'") (quoting Missouri v. Jenkins ex rel. Agyei, 491 U.S. 274, 284 (1989)); M.H. v. N.Y.C. Dep't of Educ., 20-cv-1923 (LJL), 2021 WL 4804031, at *31 (S.D.N.Y. Oct. 13,

---

[9]  With respect to Plaintiffs' request for post-judgment interest, Judge Cott notes that such an award is mandatory under 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of the judgment."  (R&R (Dkt. No. 81) at 24-25)

2021) (finding that the "court has discretion to allow prejudgment interest on a fee award under the IDEA," and may "decline[] to exercise that discretion because it ha[s] already awarded plaintiff's attorney his current hourly rate").

This Court finds no error in Judge Cott's recommendations concerning pre- and post-judgment interest.

## **CONCLUSION**

Judge Cott's R&R (Dkt. No. 81) is adopted except as to the hourly rate for Paralegals Woodard, Bunnell, and Pinchak, as to which the Court has applied a billing rate of $125 per hour. Plaintiffs are awarded $14,405.00 in attorneys' fees for the administrative matter, $10,351.88 in attorneys' fees for the instant federal action, $418.04 in costs, and post-judgment interest pursuant to 28 U.S.C. § 1961. The Clerk of Court is directed to terminate the motion (Dkt. No. 51), enter judgment for Plaintiffs, and close this case.

Dated: New York, New York
       September 30, 2025

SO ORDERED.

Paul G. Gardephe
United States District Judge